NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREG HESS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CENTURION HEALTH, Named as Centurion Healthcare Vender ADOCRR; SIJI THOMAS, Agent of Centurion; BRITTANY WHISLER, Nurse, Agent of Centurion; BREA LAWSEN, Nurse, Agent of Centurion; STEPHANIE OPLINGER, Nurse; ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION AND REENTRY; STACEY FIFE, Nurse; STATE OF ARIZONA; RYAN THORNELL, Director of the Arizona Department of Corrections, Rehabilitation; NAPHCARE, INC.; GRACE KARANJA-ADAMS; MICHELLE McCRAY, <br><br> Defendants - Appellees. | No. 24-5765 <br><br> D.C. No. 2:22-cv-01864-SPL-MTM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 29, 2026[]

Before:       McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Greg Hess appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs and other claims in connection with the denial of requested medical equipment in prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Hess's Eighth Amendment and Americans with Disabilities Act ("ADA") claims because Hess failed to raise a genuine dispute of material fact as to whether any defendant was deliberately indifferent to Hess's serious medical needs. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (explaining that a difference of opinion between a physician and a prisoner—or between medical professionals—concerning appropriate medical care does not amount to deliberate indifference); *Toguchi*, 391 F.3d at 1057-58 (9th Cir. 2004) (explaining that a defendant is deliberately indifferent only if the defendant knows of and disregards an excessive risk to inmate health and safety, and that to prevail on a claim involving alternative choices of treatment, the plaintiff must show that the chosen treatment was

---

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

medically unacceptable under the circumstances); *see also Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (explaining that a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), requires a plaintiff to show an underlying constitutional violation); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-40 (9th Cir. 2001) (setting forth deliberate indifference standard for damages claims under Title II of the ADA).

The district court properly granted summary judgment on Hess's equal protection claim because Hess failed to raise a genuine dispute of material fact as to whether he was treated differently from other inmates who were similarly situated and that there was no rational basis for the difference in treatment. *See United States v. Juv. Male*, 670 F.3d 999, 1009 (9th Cir. 2012) (explaining that, where no protected class is implicated, an equal protection claim requires showing that the government action was not rationally related to a legitimate state interest).

The district court did not abuse its discretion in denying Hess's motions to compel discovery because Hess has not shown prejudice resulting from the denials. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's discovery rulings "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

24-5765

The district court did not abuse its discretion in ruling on Hess's discovery motions and defendants' motion for summary judgment without oral argument. *See* Fed. R. Civ. P. 78(b) (stating that "the court may provide for submitting and determining motions on briefs, without oral hearings"); D. Ariz. R. 7.2(f) (stating that the district court may decide motions without oral argument); *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (setting forth the standard of review).

Hess's challenge to the district court's denial of preliminary injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (explaining that, when underlying claims have been decided, the reversal of a denial of preliminary injunctive relief would have no practical consequences, and the issue is therefore moot).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**